UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SARA STUB,

                Plaintiff,

    v.

CREDIT CONTROL SERVICES INC,

                Defendants.

Case No. C20-6118 TLF

ORDER GRANTING MOTION FOR REMAND

This matter comes before the Court on plaintiff Sara Stub's motion to remand this action. Dkt. 6. Defendant Credit Control Services, Inc. at first opposes the motion on procedural grounds, but then indicates consent to plaintiff filing an amended complaint subject to remand, with leave of Court. Dkt. 12.

For the reasons discussed below, the Court accepts the filing of plaintiff's First Amended Complaint. The Court interprets defendant's response (Dkt. 12) as consent for plaintiff to file an amended complaint, and the Court orders this case to be remanded to Clark County Superior Court.

BACKGROUND

Ms. Stubs filed this lawsuit on October 14, 2020, in Clark County Superior Court. *See* Notice of Removal, Dkt. 1. Her complaint alleged that defendant had failed to report an account of plaintiff's as disputed, in violation of the Fair Debt Collection Practice Act, 15 U.S.C. § 1692e(8) ("FDCPA") and Washington's Consumer Protection Act, RCW

1  19.16.250(10)(a) (WCPA). Dkt. 1, at 13-18 (Complaint). On the basis of federal question
2  jurisdiction, defendant removed the action to this Court on November 13, 2020. Dkt. 1.
3  On November 18, 2020, Ms. Stubs submitted a First Amended Complaint without
4  seeking leave of court. Dkt. 5. The amended complaint withdrew the federal law claim
5  and left only plaintiff's state law claim under the WCPA.

6      Plaintiff filed the instant motion for remand on November 19, 2020, reasoning
7  that since plaintiff had voluntarily dropped her federal claim in the amended complaint,
8  the court no longer had federal question jurisdiction over the action. Dkt. 6, at 3. Plaintiff
9  requested that the Court decline to exercise supplemental jurisdiction over the
10 remaining state law claim. *Id.* at 3-5.

11     On November 20, 2020, defendant filed an answer to plaintiff's original
12 complaint. Dkt. 8. On December 10, 2020, defendant responded in opposition to
13 plaintiff's motion for remand, objecting on procedural grounds. Defendant's Response,
14 Dkt. 12, at 1. Defendant asserts that plaintiff filed her amended complaint in violation of
15 Federal Rule of Civil Procedure 15(a) and therefore the operative complaint remains the
16 one originally filed in state court. *Id.* at 2.  Defendant urges the Court not to remand the
17 matter while the Court retains federal question jurisdiction. *Id.* Yet defendant offers
18 written consent to the filing of a new amended complaint withdrawing plaintiff's federal
19 claim and does not oppose remand to state court following plaintiff's amendment. *Id.*

20     Plaintiff asserts in her reply that her complaint has already been properly
21 amended to omit all federal law claims. Plaintiff's Reply, Dkt. 13, at 1.

ORDER GRANTING MOTION FOR REMAND - 2

DISCUSSION

Federal Rule of Civil Procedure 15 provides for amendment as of right once within 21 days of serving the complaint or after service of a responsive pleading. *See* Fed. R. Civ. P. 15(a)(1). After that period of time passes, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Plaintiff did not seek the Court's leave to amend her complaint, nor did she have written consent from defendant. See Amended Complaint, Dkt. 5 (filed without a motion to the Court, and without submission of defendant's written consent). Prior to defendant's answer, plaintiff was required to seek leave to amend within 21 days after service, or by November 4, 2020. *See* Fed. R. Civ. P. 15(a)(1).

Title 28 U.S.C. § 1441(a) authorizes removal by defendants of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" Within thirty days after filing of a notice of removal, a party may move to remand a case to State court "on the basis of any defect other than lack of subject matter jurisdiction[.]" 28 U.S.C. § 1447(c). Furthermore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

Jurisdictional analysis depends entirely on the pleadings filed at the time of removal. *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1213 (9th Cir. 1998). "A plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based." *Id.*

ORDER GRANTING MOTION FOR REMAND - 3

1   The Court's subject matter jurisdiction is apparent on the face of plaintiff's
2   originally filed complaint, based on the federal claim under the Fair Debt Collection
3   Practices Act, 15 U.S.C. §1692. *See* Dkt. 1 at 11; 28 U.S.C. §1331 (on federal question
4   jurisdiction). Accordingly, this action was properly removed, and any subsequent
5   amendment is insufficient to remove the Court's subject matter jurisdiction or compel
6   immediate remand of this action.
7   Defendant has, as of December 10, 2020, given consent for plaintiff to amend
8   her complaint and, upon resolution of the procedural issue, does not oppose remand of
9   the action. Dkt. 12. As such, plaintiff may now file an amended complaint without leave
10  of Court. *See* Fed. R. Civ. P. 15(a)(2). In any case, the Court grants plaintiff leave to
11  amend her complaint and withdraw her federal claim. The Court accepts the filing of
12  plaintiff's First Amended Complaint.
13  Ordinarily, when a district court dismisses "all claims independently qualifying for
14  the exercise of federal jurisdiction," it will dismiss all related state claims, as well. *Artis v.*
15  *District of Columbia*, 138 S. Ct. 594 (2018) (citing 28 U.S.C. § 1367(c)).
16  Although the Court is not required to dismiss the supplemental state law claims,
17  "in the usual case in which all federal-law claims are eliminated before trial, the balance
18  of factors to be considered under the pendent jurisdiction doctrine—judicial economy,
19  fairness, convenience, and comity—will point toward declining to exercise jurisdiction
20  over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350
21  n.7 (1988). The Court may also decline to exercise supplemental jurisdiction if the state
22  law claim substantially predominates over the claim or claims over which the district
23  court has original jurisdiction (*see* 28 U.S.C. §1367(c)(2)) or, in exceptional
24
25

ORDER GRANTING MOTION FOR REMAND - 4

circumstances, where there are other compelling reasons for declining jurisdiction (*see* 28 U.S.C. §1367(c)(4)).

Plaintiff seeks injunctive relief in this action, which remedy is afforded under the WCPA, but is unavailable under the FDCPA. 15 U.S.C. § 1692k; *see Ajib v. Fin. Assistance, Inc.*, 2013 WL 5553249 at *5 (E.D. Ca. 2013) (discussing no private right to injunctive relief under the FDCPA, collecting cases). It appears to the Court that her state law claim substantially predominates plaintiff's withdrawn claim under the FDCPA, 15 U.S.C. § 1692. *See* 28 U.S.C. §1367(c)(2); s*ee also San Pedro Hotel Co. Inc., v. City of Los Angeles*, 159 F.3d 470, 478-79 (9th Cir. 1998) (holding district court need not provide an explanation for dismissal of state claims where it is based on the dismissal of all claims over which the district court has original jurisdiction, or where the state law claim substantially predominates over the claim or claims over which the district court has original jurisdiction).

The Court declines to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, plaintiff's unopposed motion (with defendant's consent) to amend the complaint is GRANTED, the plaintiff's motion for remand is GRANTED, and the Court ORDERS this action be remanded to Clark County Superior Court.

Dated this 15th day of January, 2021.

Theresa L. Fricke
United States Magistrate Judge